UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

                v.

OFER ABARBANEL, VICTOR CHILELLI,
INCOME COLLECTING 1-3 MONTHS T-
BILLS MUTUAL FUND,

                Defendants.

USDC-SDNY
DOCUMENT
ELECTRONICALLY
FILED
DOC#:
DATE FILED: 12/17/2021

21-CV-5429 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

       Plaintiff Securities and Exchange Commission ("SEC") filed this action against two individuals—Ofer Abarbanel and Victor Chilelli—and the Income Collecting 1-3 Months T-Bills Mutual Fund ("the Fund"). The SEC alleges that Defendants engaged in a fraudulent scheme to deceive and defraud investors in the Fund. On September 10, 2021, the United States, through the United States Attorney for the Southern District of New York ("the Government"), filed a motion to intervene and to stay the case pending the conclusion of a criminal proceeding against Abarbanel based on the same alleged conduct. Dkt. 38. In its motion, the Government requested that the Court "stay this matter in its entirety, except for the filing of an Amended Complaint" by the SEC. Dkt. 39 ("Motion") at 2.

       The SEC responded to the Government's motion on September 14, 2021. In that response, the SEC explained that it "takes no position on the motion to intervene and stay provided that" three carveouts to the stay applied: "(1) the SEC is permitted to file an Amended Complaint"; (2) the asset freeze remains in place, subject to further Order of the Court"; and "(3) the stay does not affect the

Defendants' obligations to submit their sworn accountings to the SEC . . . and to respond to the SEC's outstanding discovery requests." Dkt. 40 ("SEC Response") at 3.

The Fund, which was at the time represented by Joint Voluntary Liquidators ("JVLs"), responded to the Government's motion on September 24, 2021. In that response, the Fund indicated that it "consent[ed] to the motion to intervene and to the motion to stay," but subject to the condition that any stay "reserve the right to the . . . Fund to seek the release of funds to pay the costs of the independent liquidators that have been appointed to oversee the winding-down of the Fund and the Chapter 15 proceedings recently filed here in the Southern District, including costs of counsel." Dkt. 43 ("Fund Response") at 3. The Fund further objected to the SEC's request that the Fund remain obligated to submit sworn accountings and discovery responses notwithstanding a stay. *Id.* On September 28, 2021, the SEC replied to the Fund's response. Dkt. 44 ("SEC Reply").

On October 11, 2021, the Grand Cayman Islands Court that is presiding over the Fund's liquidation proceedings appointed two individuals as the Joint Official Liquidators ("JOLs") of the Fund. The JOLs have appeared to take a different position from that of the JVLs that were previously representing the Fund. Namely, the JOLs are working cooperatively with the SEC regarding the Fund's production of discovery responses and sworn accounting. *See* Dkts. 45 ("October 14 letter"), 54 ("November 10 letter"). Although the Government has not communicated its position on this potential production, counsel for the JOLs have stated that the "Department of Justice ha[s] no objection to the extensions requested" by the SEC and the JOLs, which included a requested extension of time for the JOLs to submit the Fund's sworn accounting and discovery responses to the SEC. *See* November 10 letter.

On December 15, 2021, the Court held a telephone conference in which the SEC and counsel for the JOLs, who represent the Fund, confirmed that they take no position on the Government's motion to intervene.

Having considered the Government's motion and accompanying papers, as well as the other filings and representations on the record in this case, it is hereby ordered that the Government's motion to intervene is granted.

It is further ordered that by no later than January 10, 2022, the Government shall submit a letter to the Court stating its position on the SEC's and the Fund's requested carveouts to any potential stay that were described in the SEC Response, the Fund Response, and the SEC Reply. Specifically, the Government shall state whether it objects to the Fund providing a sworn accounting and discovery responses to the SEC, notwithstanding its request for a stay. The Government shall also state whether it objects to the Fund's request that it retain the ability to seek the release of funds to pay "the costs of the independent liquidators that have been appointed to oversee the winding-down of the Fund and the Chapter 15 proceedings recently filed here in the Southern District, including costs of counsel." *See* Fund Response.[1]

It is further ordered that by no later than January 10, 2022, the SEC and the Fund submit a letter updating the Court as to the status of their negotiations regarding the Fund's submission of its sworn accounting and discovery responses, as well as the status of their negotiations regarding settlement of other issues. **Notwithstanding any prior Order of the Court to the contrary, the Fund shall not submit its sworn accounting and discovery responses to the SEC until a further Order of the Court.**

SO ORDERED.

Dated:   December 17, 2021
         New York, New York

                                              RONNIE ABRAMS
                                              United States District Judge

---

[1] The JOLs have not clarified whether the Fund still seeks this final request. Out of an abundance of caution, the Court directs the Government to provide its position on this request.