UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　　　　　　　　Plaintiff,<br><br>OFER ABARBANEL, et al.<br><br>　　　　　　　　　　　　　　　　　　Defendants. | Civil Action No. 21-CV-5429 (RA) |

**FINAL JUDGMENT AS TO DEFENDANT INCOME COLLECTING
1-3 MONTHS T-BILLS MUTUAL FUND (IN OFFICIAL LIQUIDATION)**

The Securities and Exchange Commission having filed a Complaint and Defendant Income Collecting 1-3 Months T-Bills Mutual Fund (in Official Liquidation) ("Defendant") having entered a general appearance; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

　　(a)　　to employ any device, scheme, or artifice to defraud;

　　(b)　　to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  (c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

  (a)  to employ any device, scheme, or artifice to defraud;

  (b)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  (c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement in the amount of $106,530,000, plus prejudgment interest thereon in the amount of $5,061,312.19, which amounts shall be deemed satisfied as with respect to the Defendant's disgorgement obligations (and not the disgorgement obligations of any other party, which may be additionally liable) by the Defendant's distribution in the Cayman Liquidation to Investor Group A as defined in the complaint filed by the Commission in this matter, of no less than $76,944,774.90 (USD) no later than twenty (20) days after entry of the Final Judgment, or some other period as to which the parties may agree, which distribution has been approved by the Cayman Court.

If Defendant fails to make a timely distribution to Investor Group A of no less than $76,944,774.90 (USD) as set forth above, then the Commission may enforce the full Final Judgment of disgorgement in the amount of $106,530,000, plus prejudgment interest thereon in the amount of $5,061,312.19 by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action.  If the Defendant pays any portion of the Final Judgment to the Commission, then the Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.  The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain

jurisdiction over the administration of any distribution of the Fund, and the Fund may only be disbursed pursuant to an Order of the Court.

The Commission foregoes any right to collect post-judgment interest on this award.

Within 10 days of any cash payments made by Defendant to Investor Group A pursuant to this Final Judgment, Defendant shall transmit evidence of payment and case-identifying information to the Commission staff.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, within three (3) days after being served with a copy of this Final Judgment, the following financial institutions shall transfer the entire balances of the following accounts, which were frozen pursuant to the June 18, 2021 Order of this Court [ECF No. 4], and as amended, to Investor Group A:

| Financial Institution | Account Holder/Account Name | Account Number(s) |
|---|---|---|
| Wells Fargo Bank, N.A. | Income Collecting 1-3 Months T-Bills Mutual Fund | -4905 |
| Interactive Brokers LLC | Income Collecting 1-3 Months T-Bills Mutual Fund | -1002 |

The above payments shall be made in care of counsel for Investor Group A and deposited into counsel's attorney escrow account by wire transfer (to Walden Macht & Haran LLP, Attorney Escrow, Citibank Account number -6012) or check (made payable to Walden Macht & Haran – Attorney Escrow), and mailed to:

    Attn:  Millie Quiroz
    Walden Macht & Haran LLP
    250 Vesey Street, 27th Floor
    New York, New York 10281

The asset freeze entered in the June 18, 2021 Order shall be temporarily lifted for the limited purpose of allowing the above transfers to take place.  All other terms and conditions in the June 18, 2021 Order, as amended, shall remain in full effect pending further order of the

Court.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, _____

_____
UNITED STATES DISTRICT JUDGE