UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                            Plaintiff,

OFER ABARBANEL, et al.

                            Defendants.

Civil Action No. 21-CV-5429 (RA)

**FINAL JUDGMENT AS TO DEFENDANT INCOME COLLECTING
1-3 MONTHS T-BILLS MUTUAL FUND (IN OFFICIAL LIQUIDATION)**

The Securities and Exchange Commission having filed a Complaint and Defendant Income Collecting 1-3 Months T-Bills Mutual Fund (in Official Liquidation) ("Defendant") having entered a general appearance; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  (c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

<center>II.</center>

  IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

  (a)  to employ any device, scheme, or artifice to defraud;

  (b)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  (c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement in the amount of $106,530,000, plus prejudgment interest thereon in the amount of $5,061,312.19, which amounts shall be deemed satisfied as with respect to the Defendant's disgorgement obligations (and not the disgorgement obligations of any other party, which may be additionally liable) by the Defendant's distribution in the Cayman Liquidation to Investor Group A as defined in the complaint filed by the Commission in this matter, of no less than $76,944,774.90 (USD) no later than twenty (20) days after entry of the Final Judgment, or some other period as to which the parties may agree, which distribution has been approved by the Cayman Court.

If Defendant fails to make a timely distribution to Investor Group A of no less than $76,944,774.90 (USD) as set forth above, then the Commission may enforce the full Final Judgment of disgorgement in the amount of $106,530,000, plus prejudgment interest thereon in the amount of $5,061,312.19 by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. If the Defendant pays any portion of the Final Judgment to the Commission, then the Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain

jurisdiction over the administration of any distribution of the Fund, and the Fund may only be disbursed pursuant to an Order of the Court.

The Commission foregoes any right to collect post-judgment interest on this award.

Within 10 days of any cash payments made by Defendant to Investor Group A pursuant to this Final Judgment, Defendant shall transmit evidence of payment and case-identifying information to the Commission staff.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, within three (3) days after being served with a copy of this Final Judgment, the following financial institutions shall transfer the entire balances of the following accounts, which were frozen pursuant to the June 18, 2021 Order of this Court [ECF No. 4], and as amended, to Investor Group A:

| Financial Institution | Account Holder/Account Name | Account Number(s) |
|---|---|---|
| Wells Fargo Bank, N.A. | Income Collecting 1-3 Months T-Bills Mutual Fund | -4905 |
| Interactive Brokers LLC | Income Collecting 1-3 Months T-Bills Mutual Fund | -1002 |

The above payments shall be made in care of counsel for Investor Group A and deposited into counsel's attorney escrow account by wire transfer (to Walden Macht & Haran LLP, Attorney Escrow, Citibank Account number -6012) or check (made payable to Walden Macht & Haran – Attorney Escrow), and mailed to:

    Attn:  Millie Quiroz
    Walden Macht & Haran LLP
    250 Vesey Street, 27th Floor
    New York, New York 10281

The asset freeze entered in the June 18, 2021 Order shall be temporarily lifted for the limited purpose of allowing the above transfers to take place.  All other terms and conditions in the June 18, 2021 Order, as amended, shall remain in full effect pending further order of the

Court.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: January 31, 2022
      New York, New York

_____
Hon. Ronnie Abrams
United States District Judge

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

OFER ABARBANEL, et al.

Defendants.

Civil Action No. 21-CV-5429 (RA)

CONSENT OF DEFENDANT INCOME COLLECTING 1-3 MONTHS
T-BILLS MUTUAL FUND (IN OFFICIAL LIQUIDATION)

1. Defendant Income Collecting 1-3 Months T-Bills Mutual Fund (in Official Liquidation) ("Defendant") has initiated formal liquidation proceedings, and Igal Wizman and Keiran Hutchison have been appointed as Joint Official Liquidators to represent the interests of the Defendant in this action.

2. Defendant, acting by and through Igal Wizman and Keiran Hutchison solely in their capacities as Joint Official Liquidators of the Defendant, acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

3. Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 16, and except as to personal and subject matter jurisdiction, which Defendant admits), and expressly subject to and conditioned upon the prior approval of the Grand Court of the Cayman Islands Financial Services Division ("Cayman Court") in the liquidation proceeding, *In the Matter of Income Collecting 1-3 Months T-Bills Mutual Fund, et al.,* Cause No: FSD 188 of 2021 (DDJ) (the "Cayman Liquidation"), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and

incorporated by reference herein, which, among other things:

  (a)  permanently restrains and enjoins Defendant from violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)];

  (b)  orders Defendant to pay disgorgement in the amount of $106,530,000, plus prejudgment interest thereon in the amount of $5,061,312.19, which amounts shall be deemed satisfied as with respect to the Defendant's disgorgement and prejudgment interest obligations (and not the disgorgement obligations of any other party, which may be additionally liable) by the Defendant's distribution in the Cayman Liquidation to Investor Group A, as defined in the complaint, of no less than $76,944,774.90 (USD) no later than twenty (20) business days, or some other period as to which the parties may agree, after entry of the Final Judgment, so long as, and expressly conditioned upon the sanction of the Cayman Court for the JOLs to enter into this Consent Order and the Final Judgment;

  (c)  permanently restrains and enjoins Defendant from, directly or indirectly, participating in the issuance, offer, or sale of any security other than in the normal course of the liquidation of the Defendant in accordance with the powers granted to the JOLs by and subject to the supervision of the Cayman Court;

2

(d) waives the issuance of a civil penalty, in light of the Defendant's liquidation and inability to pay other than out of investor assets;

(e) orders that within 3 days after being served with a copy of the Final Judgment, the following financial institutions shall transfer the entire balance of the following account(s) which were frozen pursuant to the June 21, 2021 Order of this Court [ECF No. 4], and as amended ("Asset Freeze") to Investor Group A (c/o Walden Macht & Haran – Attorney Escrow, Citibank account ending in -6012), as provided in the Final Judgment:

| Financial Institution | Account Holder/Account Name | Account Number(s) |
|---|---|---|
| Wells Fargo Bank, N.A. | Income Collecting 1-3 Months T-Bills Mutual Fund | -4905 |
| Interactive Brokers LLC | Income Collecting 1-3 Months T-Bills Mutual Fund | -1002 |

4. Defendant agrees to provide timely written confirmation to SEC counsel of approval by the Cayman Court of the terms of this Consent and Final Judgment, including:

   i. the disgorgement terms set forth in paragraph 2(b); and

   ii. all payments that Defendant makes to Investor Group A, as set forth in paragraph 2(e).

5. Defendant agrees to transmit photocopies of evidence of any distribution Defendant makes to Investor Group A in the Cayman Liquidation, along with case identifying information, in a form acceptable to Commission staff no later than twenty (20) days, or some other period as to which the parties may agree, after such distribution.

6. If Defendant fails to make a timely distribution to Investor Group A of no less than $76,944,774.90 (USD) as set forth above, then the Commission may enforce the full Final Judgment of disgorgement in the amount of $106,530,000, plus prejudgment interest thereon in

3

the amount of $5,061,312.19 by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. If the Defendant pays any portion of the Final Judgment to the Commission, then the Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. In the event of a breach of this paragraph 6, the Court shall be deemed to retain jurisdiction over the administration of any distribution of those funds of the Fund that are frozen pursuant to the Asset Freeze, and such funds may only be disbursed pursuant to an Order of the Court. The Commission foregoes any right to collect post-judgment interest on this award.

7.  In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to cooperate with the Commission, including by promptly sharing all documents and information obtained by Defendants, and requested by the Commission, that are relevant to the pending judicial proceeding; (ii) agrees to cooperate with the Commission in its attempt to obtain documents, information, and interviews from fact witnesses, including but not limited to former employees of Defendant; (iii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission to Defendant for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iv) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (v) with respect to such notices and subpoenas, waives the territorial

limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (vi) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

8. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

9. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

10. Defendant agrees not to oppose the Commission's (i) efforts to pursue claims and remedies against, or obtain an order authorizing the release to Investor Group A of, the currently frozen funds and assets of the Relief Defendants in the approximate amount of $4.8 million, that are subject to the Asset Freeze (collectively the "Relief Defendant Frozen Assets") or; (ii) release to Investor Group A of the Relief Defendant Frozen Assets, or some portion thereof.  Defendant agrees to waive any right, claim, or interest it may have with respect to such Relief Defendant Frozen Assets; and will take such sums into account in the calculation of distributions to creditors in the Cayman Liquidation.  For the avoidance of doubt, Defendant's waiver shall be with respect only to the Relief Defendant Frozen Assets and nothing in this provision or the Consent shall be deemed to (x) waive or otherwise reduce or limit any right, claim, or interest Defendant or the Joint Official Liquidators may have at any time against Abarbanel, Chilelli, the above-named Relief Defendants; or (y) create any right, or third-party-beneficiary interest, for Abarbanel, Chilelli, or the above-named Relief Defendants.

11. Defendant enters into this Consent voluntarily and represents that no threats,

5

offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

12. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

13. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

14. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.

15. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that

are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

16. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

17. Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to

7

seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

18. Following, and expressly subject to and conditioned upon, the approval of the Cayman Court, Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

19. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

20. The Undersigned represent that, by Order dated October 13, 2021 entered by the Cayman Court in the Cayman Liquidation, each Undersigned is duly appointed Joint Official Liquidator of the Defendant and has full authority to enter into this Consent and Final Judgment on behalf of Defendant.  The Undersigned execute this agreement in their capacities as Joint Official Liquidators for and on behalf of the Defendant and not in their personal capacities and do so without personal liability.

Income Collecting 1-3 Months T-Bills Mutual Fund (in Official Liquidation):

_____
By: Igal Wizman
Solely as Joint Official Liquidator of
Income Collecting 1-3 Months T-Bills
Mutual Fund (in Official Liquidation)

_____
By: Keiran Hutchison
Solely as Joint Official Liquidator of
Income Collecting 1-3 Months T-Bills
Mutual Fund (in Official Liquidation)

Dated:

On 6th January, 2022, Keiran Hutchison, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Income Collecting 1-3 Months T Bills Mutual Fund ( In Official Liquidation) as its Joint Official Liquidator.

_____
Notary Public
Commission expires:



Annick J Pasquali, Notary Public in and for the Cayman Islands
Location Manager, EY Cayman Ltd.
62 Forum Lane, Camana Bay, PO Box 501, KY1-1106 Cayman Islands
+1 345 814 9017
annick.pasquali@ky.ey.com
Date 6 Jan. 2022  Pages __
Notary ID number : 19 of 2011
Commission expires on: 31 January 2022

Approved as to form:

_____
By: Warren E. Gluck
Holland & Knight LLP (NY)
31 West 52nd Street
New York, NY 10019
(212) 513-3396
Fax: (212) 385-9010
Email: warren.gluck@hklaw.com

Counsel for Defendant

Dated: January 6, 2022

9

Case 1:21-cv-05339-RA Document 78-1 Filed 01/27/22 Page 15 of 16



Annick J Passjour, Notary Public and for the Cayman Islands
Location: Manager, EY Cayman Ltd.
62 Forum Lane, Camana Bay, PO Box SCI KY1-1106 Cayman Islands
+1 ...
annick.passjour@ky.ey.com
Date: _____ Pages ___
Notary ID number: 19 of 2011
Commission expires on: 31 January 20

Income Collecting 1-3 Months T-Bills Mutual Fund (in Official Liquidation):

_/s/ Igal Wizman_____

By: Igal Wizman
Solely as Joint Official Liquidator of
Income Collecting 1-3 Months T-Bills
Mutual Fund (in Official Liquidation)

By: Keiran Hutchison
Solely as Joint Official Liquidator of
Income Collecting 1-3 Months T-Bills
Mutual Fund (in Official Liquidation)

Dated: January 6, 2022

On 6 January, 2022, Igal Wizman, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Income Collecting 1-3 Months T-Bills Mutual Fund (In Official Liquidation) as its Joint Official Liquidators

_____
Notary Public
Commission expires: 31 December 2022

Approved as to form:

_____
By: Warren E. Gluck
Holland & Knight LLP (NY)
31 West 52nd Street
New York, NY 10019
(212) 513-3396
Fax: (212) 385-9010
Email: warren.gluck@hklaw.com

Counsel for Defendant

Dated: January 6, 2022

9