UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                                        Plaintiff,

OFER ABARBANEL, et al.

                                        Defendants.

Civil Action No. 21-CV-5429 (RA)

**JUDGMENT AS TO DEFENDANT VICTOR CHILELLI**

The Securities and Exchange Commission having filed a Complaint and Defendant Victor Chilelli ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VI and VIII); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)       to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)       to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)       to employ any device, scheme, or artifice to defraud;

    (b)       to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)       to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendant is permanently restrained and enjoined from, directly or indirectly, participating in the issuance, offer, or sale of any security, including, but not limited to, through any entity owned or controlled by defendants in this action, provided, however, that such injunction shall not prevent Defendant from taking any actions necessary to effectuate the disgorgement obligations set forth in paragraph IV; and shall not prevent Defendant from purchasing or selling securities listed on a national securities exchange for his own personal account.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement of $4,757,750, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $181,983,

for a total of $$4,939,733, which amounts shall be deemed satisfied as with respect to the Defendant's disgorgement obligations (and not the disgorgement obligations of any other party, which may be additionally liable) by the Defendant's consent to the release of all funds in the following accounts identified herein to Investor Group A (c/o Walden Macht & Haran – Attorney Escrow), as identified in the Complaint, as provided in Section V.  To the extent that any of the following accounts have open positions in non-cash securities or assets, the Defendant consents to the liquidation of those positions and to the consolidation of the cash balances in the relevant master accounts to facilitate the transfer of funds.

| Institution | Account Name | Account Number(s) |
|---|---|---|
| Wells Fargo Bank, N.A. | North American Liquidity Resources LLC | -5664 |
| Wells Fargo Bank, N.A. | Institutional Syndication LLC | -0277 |
| Wells Fargo Bank, N.A. | Growth Income Holdings LLC | -3043 |
| TIAA, FSB, d/b/a TIAA Bank | North American Liquidity Resources LLC | -0450 |
| PNC Bank | Institutional Syndication LLC | -9191 |
| Interactive Brokers LLC | North American Liquidity Resources LLC | -6883<br>-7218<br>-7918<br>-1670<br>-4792<br>-5226 |
| Interactive Brokers LLC | Institutional Syndication LLC | -3160<br>-8274<br>-1903 |
| Interactive Brokers LLC | Growth Income Holdings LLC | -4946<br>-8065<br>-6225 |
| StoneX Financial Inc. | North American Liquidity Resources LLC | -0430<br>-0436 |

Through such payments, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant or any entity owned or controlled by Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Judgment. Defendant shall pay post judgment interest on any amounts due after 30 days of entry of this Judgment pursuant to 28 U.S.C. § 1961.

V.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that, within 3 days after being served with a copy of this Judgment, the following financial institutions shall transfer the entire balance of the following accounts, which were frozen pursuant to the June 21, 2021 Order of this Court [ECF No. 4], and as amended, to Investor Group A:

| Institution | Account Name | Account Number(s) |
| --- | --- | --- |
| Wells Fargo Bank, N.A. | North American Liquidity Resources LLC | -5664 |
| Wells Fargo Bank, N.A. | Institutional Syndication LLC | -0277 |
| Wells Fargo Bank, N.A. | Growth Income Holdings LLC | -3043 |
| TIAA, FSB, d/b/a TIAA Bank | North American Liquidity Resources LLC | -0450 |
| PNC Bank | Institutional Syndication LLC | -9191 |
| Interactive Brokers LLC | North American Liquidity Resources LLC | -6883<br>-7218<br>-7918<br>-1670<br>-4792<br>-5226 |
| Interactive Brokers LLC | Institutional Syndication LLC | -3160<br>-8274<br>-1903 |
| Interactive Brokers LLC | Growth Income Holdings LLC | -4946<br>-8065<br>-6225 |
| StoneX Financial Inc. | North American Liquidity Resources LLC | -0430<br>-0436 |

To the extent that any of the accounts have open positions in non-cash securities or assets, the financial institutions shall liquidate those positions and consolidate the cash balances in the

5

relevant master accounts to facilitate the transfer of funds.  The above payments shall be made in care of counsel for Investor Group A and deposited into counsel's attorney escrow account by wire transfer (to Walden Macht & Haran LLP, Attorney Escrow, Citibank Account number - 6012) or check (made payable to Walden Macht & Haran – Attorney Escrow), and mailed to:

>Att: Millie Quiroz
>Walden Macht & Haran LLP
>250 Vesey Street, 27th Floor
>New York, New York 10281

The asset freeze entered in the June 21, 2021 Order shall be temporarily lifted for the limited purpose of allowing the above transfers to take place.  All other terms and conditions in the June 21, 2021 Order, as amended, shall remain in full effect pending further order of the Court.

The above financial institutions shall simultaneously transmit photocopies of evidence of the above payments and case identifying information to the Commission's counsel in this action.

VI.

Upon motion of the Commission, the Court shall determine whether it is appropriate to order a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount of the civil penalty.  In connection with the Commission's motion for civil penalties, and at any hearing held on such a motion:  (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards

for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalties or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: February 25, 2022
New York, New York

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                           Plaintiff,

OFER ABARBANEL, et al.

                           Defendants.

Civil Action No. 21-CV-5429 (RA)

### CONSENT OF DEFENDANT VICTOR CHILELLI

1. Defendant Victor Chilelli ("Defendant") acknowledges having been served with the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the Complaint (except as provided herein in paragraphs 3 and 13 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Judgment in the form attached hereto (the "Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Defendant from violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rules 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)];

    (b) permanently restrains and enjoins Defendant from, directly or indirectly, participating in the issuance, offer, or sale of any security, including, but not limited to, through any entity owned or controlled by defendants in this action, provided, however, that such injunction shall not prevent Defendant from purchasing or selling securities listed on a national securities exchange for his

1

own personal account or to effectuate the transfer of funds set forth in paragraph 2(c);

(c) orders Defendant to pay disgorgement in the amount of $4,757,750, plus prejudgment interest thereon in the amount of $181,983, which amounts shall be deemed satisfied as with respect to the Defendant's disgorgement obligations (and not the disgorgement obligations of any other party, which may be additionally liable) by the Defendant's consent to the release of all funds in the accounts identified herein (and to the liquidation of open positions in the accounts and the consolidation of cash balances in the relevant master accounts) to Investor Group A (care of counsel), as identified in the Complaint, pursuant to the Judgment and as further ordered by the Court:

| Institution | Account Name | Account Number(s) |
|---|---|---|
| Wells Fargo Bank, N.A. | North American Liquidity Resources LLC | -5664 |
| Wells Fargo Bank, N.A. | Institutional Syndication LLC | -0277 |
| Wells Fargo Bank, N.A. | Growth Income Holdings LLC | -3043 |
| TIAA, FSB, d/b/a TIAA Bank | North American Liquidity Resources LLC | -0450 |
| PNC Bank | Institutional Syndication LLC | -9191 |
| Interactive Brokers LLC | North American Liquidity Resources LLC | -6883<br>-7218<br>-7918<br>-1670<br>-4792<br>-5226 |
| Interactive Brokers LLC | Institutional Syndication LLC | -3160<br>-8274<br>-1903 |
| Interactive Brokers LLC | Growth Income Holdings LLC | -4946<br>-8065<br>-6225 |
| StoneX Financial Inc. | North American Liquidity Resources LLC | -0430<br>-0436 |

(d) orders that, within 3 days after being served with a copy of the Judgment, the following financial institutions shall transfer the entire balance of the

2

following accounts (including by liquidating any and all open positions and consolidating cash balances in the relevant master accounts), which were frozen pursuant to the June 21, 2021 Order of this Court [ECF No. 4], as amended, to Investor Group A (c/o Walden Macht & Haran – Attorney Escrow), as provided in the Judgment:

| Institution | Account Name | Account Number(s) |
|---|---|---|
| Wells Fargo Bank, N.A. | North American Liquidity Resources LLC | -5664 |
| Wells Fargo Bank, N.A. | Institutional Syndication LLC | -0277 |
| Wells Fargo Bank, N.A. | Growth Income Holdings LLC | -3043 |
| TIAA, FSB, d/b/a TIAA Bank | North American Liquidity Resources LLC | -0450 |
| PNC Bank | Institutional Syndication LLC | -9191 |
| Interactive Brokers LLC | North American Liquidity Resources LLC | -6883<br>-7218<br>-7918<br>-1670<br>-4792<br>-5226 |
| Interactive Brokers LLC | Institutional Syndication LLC | -3160<br>-8274<br>-1903 |
| Interactive Brokers LLC | Growth Income Holdings LLC | -4946<br>-8065<br>-6225 |
| StoneX Financial Inc. | North American Liquidity Resources LLC | -0430<br>-0436 |

3. Defendant agrees that, upon motion of the Commission, the Court shall determine whether it is appropriate to order a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount of the civil penalty. Defendant further agrees that, in connection with the Commission's motion for civil penalties, and at any hearing held on such a motion:

(a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Consent or the

3

Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for a civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

4. Defendant acknowledges that any civil penalty paid pursuant to the Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant agrees that he shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that he shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

5. Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

6. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

7. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

8. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

9. Defendant agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

10. Defendant will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

11. Defendant waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms

and conditions. Defendant further agrees to provide counsel for the Commission, within 30 days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Judgment.

12. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

13. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies

6

the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

14. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes,

7

Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

15. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by email, mail, or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (iv) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

16. Defendant agrees that the Commission may present the Judgment to the Court for signature and entry without further notice.

17. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Judgment.

Dated: 2/11/2022          /s/ V.A C.
                          _____
                          Victor Chilelli


On February 11th, 2022, Victor Chilelli, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent and with full authority to do so.

                          Brittany P C_____
                          Notary Public
                          Commission expires: May 22, 2022

                          ┌─────────────────────────────────┐
                          │      BRITTANY P CANNON          │
                          │       Notary Public             │
                          │      State of Delaware          │
                          │ My Commission Expires on May 22, 2022 │
                          └─────────────────────────────────┘

9